IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                          No. CIV S-07-1076 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER,

    Defendant.                        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 8, 2007, the court dismissed the complaint with leave to amend. On September 6, 2007, plaintiff filed a letter which the court construes as the amended complaint. For the following reasons, the amended complaint is dismissed with leave to file a second amended complaint.

        The only named defendant is Governor Schwarzenegger. Plaintiff alleges that three years ago defendant Schwarzenegger beat him. Plaintiff goes on to allege that he got into an altercation with a prison guard and was then given a shot of Haldol which made plaintiff feel uncomfortable. Plaintiff alleges that he is suing defendant Schwarzenegger because he lets his employees get away with these violations.

/////

1

1   Based on the allegations described above, it is unclear if plaintiff is claiming that
2   defendant Schwarzenegger beat plaintiff or if plaintiff was beaten by prison officials. Plaintiff
3   must clarify this in the second amended complaint.
4   It appears that plaintiff is alleging that defendant Schwarzenegger is responsible
5   for the alleged misconduct of prison officials because he is the governor.  The Civil Rights Act
6   under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is basing defendant Schwarzenegger's liability on the theory of respondeat superior.  As indicated above, supervisory personnel are not liable under § 1983 for

1 | the actions of their employees based on this theory.  Accordingly, these claims are dismissed with
2 | leave to amend.
3 |       Accordingly, IT IS HEREBY ORDERED that:
4 |       1.  Plaintiff's letter filed September 6, 2007, is construed as an amended
5 | complaint; the amended complaint is dismissed with thirty days to file a second amended
6 | complaint;
7 |       2.  The Clerk of the Court is directed to send plaintiff the form for a civil rights
8 | complaint pursuant to 42 U.S.C. § 1983.
9 | DATED:  10/17/07

/s/ Gregory G. Hollows

_____

UNITED STATES MAGISTRATE JUDGE

win1076.ame

3