IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                    No. CIV S-07-1076 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is the second amended complaint filed November 2, 2007.

        Named as defendants are Governor Schwarzenegger and Dr. Rappaport.  Plaintiff alleges that defendant Rappaport is forcing him to take psychiatric medication that is causing him discomfort.  Plaintiff asks the court to charge defendant Rappaport with attempted murder.  Plaintiff also seeks five million dollars in damages.  The court construes the second amended complaint to be alleging an Eighth Amendment claim against defendant Rappaport.

        In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

1

1  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively
2  serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,
3  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.
4  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."
5  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

6  A serious medical need exists if the failure to treat a prisoner's condition could
7  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
8  that a prisoner has a serious need for medical treatment are the following:  the existence of an
9  injury that a reasonable doctor or patient would find important and worthy of comment or
10 treatment; the presence of a medical condition that significantly affects an individual's daily
11 activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
12 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
13 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
14 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

15 In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
16 defined a very strict standard which a plaintiff must meet in order to establish "deliberate
17 indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.
18 However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
19 which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.
20 Neither is it sufficient that a reasonable person would have known of the risk or that a defendant
21 should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

22 It is nothing less than recklessness in the criminal sense – subjective standard –
23 disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at
24 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn
25 that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,
26 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff claims that the psychiatric medication is causing him "discomfort." Plaintiff does not describe this discomfort in any detail. Without any information regarding the discomfort plaintiff is suffering, the court cannot determine whether he has stated a colorable Eighth Amendment claim. If the discomfort is mild, the court would most likely find no Eighth Amendment claim. If the discomfort is severe, the court may find an Eighth Amendment violation. The court will grant plaintiff one final opportunity to amend his complaint to clarify this matter.

Plaintiff alleges that defendant Scharzenegger has violated his parole date. This allegation is so vague and conclusory that the court cannot determine what claim plaintiff is making against defendant Scharzenegger. To the extent plaintiff is challenging the validity of his confinement, he should raise these claims in a petition for writ of habeas corpus rather than a civil rights action.

/////

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's November 2, 2007,
2  second amended complaint is dismissed with thirty days to file a third amended complaint;
3  failure to file a third amended complaint within that time will result in a recommendation of
4  dismissal of this action.

5  DATED: 12/13/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

9  win1076.1