IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                       No. CIV S-07-1076 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2007, the court dismissed the second amended complaint with leave to file a third amended complaint. On January 2, 2008, and January 4, 2008, plaintiff filed third amended complaints. Accordingly, the court will consider the third amended complaint filed January 4, 2008.

        Plaintiff alleges that defendant Schwarzenegger violated his right to due process by holding plaintiff's parole hearing two weeks late three years ago.

        In order to demonstrate that the two week delay in his receipt of his parole hearing violated due process, plaintiff must demonstrate that the delay was unreasonable and prejudicial. See Hopper v. United States Parole Comm'n., 702 F.2d 842, 847 (9th Cir. 1983). "However, due process 'does not include receiving a parole hearing in exact accordance with the specific time

1

period required by [state regulations.]' " <u>Johnson v. Paparozzi,</u> 219 F. Supp. 2d 635, 652 (D.N.J.2002); see February 24, 2006, findings and recommendations, pp. 14-15, <u>William v. Board of Prison Terms</u>, CIV S-02-2323 LKK KJM P, adopted by the Honorable Lawrence K. Karlton, March 30, 2006.  The denial of a timely parole proceeding is not a per se violation of due process. <u>Jefferson v. Hart</u>, 84 F.3d 1314, 1316-17 (10th Cir.1996); <u>Id</u>.  To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay. Cf. <u>Camacho v. White</u>, 918 F.2d 74, 78-80 (9th Cir.1990).  Plaintiff has failed to demonstrate that the two week delay was prejudicial.  Accordingly, this action should be dismissed.

>    IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

>    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   03/07/08                                            /s/ Gregory G. Hollows

                                                            UNITED STATES MAGISTRATE JUDGE

win1076.dis